UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA GORDON<br><br>Plaintiff<br><br>vs.<br><br>VISION CREDIT SOLUTIONS, LLC<br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Barbara Gordon, by and through her undersigned counsel, Bruce K. Warren, of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiff, Barbara Gordon, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this district is proper in that Defendant maintains a primary place of business in this district and transacts business here.

## III.    PARTIES

4.      Plaintiff, Barbara Gordon, is an adult natural person residing at 36 Bud Crockett Drive, Apt A, Lexington, TN 38351.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Vision Credit Solutions, LLC at all times relevant hereto, is a limited liability company engaged in the business of collecting debt in the State of New York and the State of Tennessee, with a primary address of 4244 Ridge Lea, Suite 6, Amherst, NY 14226.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.      On approximately February 7, 2011 Plaintiff received her first phone call from "Adam Glasser," an agent of Defendant regarding an alleged debt.

8.      "Adam Glasser" informed Plaintiff that he was collecting a debt owed to "VIP Cash" and Plaintiff must make a payment on the account immediately.

9. Plaintiff was told by "Adam Glasser" that if payment wasn't made immediately then she would be sued and a judgment would be entered against her.

10. "Adam Glasser" also threatened Plaintiff with imprisonment if the debt went unpaid.

11. Fearful of being arrested, Plaintiff agreed to make a payment of $100.00 to Defendant.

12. On February 15, 2011 Plaintiff received a second phone call from Defendant, where "Mike Henson" attempted to establish further payment arrangements, although no payment plan was agreed upon.

13. On the same day, Plaintiff received an e-mail confirming receipt of her payment of $100.00, and the e-mail also outlined four additional payments that Plaintiff never agreed to make. See a copy of the e-mail appended hereto and marked "**EXHIBIT A**".

14. Defendant used the threat of legal action to coerce payment from Plaintiff although Defendant is not capable of initiating legal action, nor is it warranted in threatening criminal prosecution as a result of an unpaid debt.

15. Defendant also intentionally misleads debtors who may call their number by greeting them with an automated message system, which instructs callers to dial certain numbers depending on the intention behind their call, such as "1" for a wage garnishment, and "2" for a judgment.

16. Furthermore, from the onset of Defendant's calls, Plaintiff has not received a thirty day validation notice or any other written communication.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions

within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

20. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

21. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(3): | Any individual is an attorney or that any communication is from an attorney |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(8): | Threatens or communicates false credit information, including the failure communicate that a debt is disputed |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§ 1692f(1): Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

§ 1692g: Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Vision Credit Solutions, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.     JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: March 14, 2011

BY: /s/
Bruce K. Warren, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com